**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ALLIED TRUST INSURANCE CO.**                    **CIVIL ACTION**

**VERSUS**                                        **CASE NO. 22-2080**

**CHRISTOPHER LANDECHE, et al.**                  **SECTION: "G"(3)**

**ORDER**

Before the Court is Defendants Christopher Landeche and Samantha Landeche's (collectively, "Defendants") "Motion to Dismiss as Moot under Fed. R. Civ. P. 12(b)(1)."[1] This litigation arises over a dispute between an insurance company, Plaintiff Allied Trust Insurance Co. ("Plaintiff"), and its policyholders, Defendants, over the extent of the damage to Defendants' property during Hurricane Ida.[2] Plaintiff filed a Complaint in this Court for a declaratory judgment that: (1) the appraisal provisions in the subject insurance policy and contract between the parties are clear and unambiguous; (2) Defendants are required by those provisions to participate in the appraisal process (the "Appraisal"); (3) as part of the Appraisal, Defendants are specifically required to name a competent, impartial, and disinterested appraiser who is registered with the Louisiana Department of Insurance; (4) an appraisal umpire must also be selected by this Court; and (5) the Appraisal must be completed as to all coverages.[3]

In the motion, Defendants argue that the Complaint should be dismissed as moot because

---

[1] Rec. Doc. 12.

[2] *See* Rec. Doc. 1 at 2.

[3] *Id.* at 6–7.

Defendants agree to the Appraisal.[4] On August 29, 2022, Plaintiff opposed the motion.[5] Plaintiff argues that its claims are not moot because the Appraisal process is not complete and Defendants have a repeated pattern of non-compliance.[6] Plaintiff also argues that Defendant's Counterclaim[7] invokes this Court's jurisdiction.[8] On September 16, 2022, Defendants filed a reply stating that the appraisal process is well underway and should be completed soon.[9] On October 28, 2022, the parties filed a joint status report indicating that the appraisal process is still ongoing.[10]

An action should be dismissed as moot pursuant to Federal Rule of Civil Procedure 12(b)(1) "when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome."[11] "[A]n actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation."[12] Thus, where "an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit []' at any point during litigation, the action can no longer proceed and must be dismissed as moot."[13] A case becomes moot if the following conditions are satisfied: "(1) it can be said with assurance that 'there is no reasonable

---

[4] Rec. Doc. 12-1 at 2.

[5] Rec. Doc. 15.

[6] *Id.* at 5.

[7] Rec. Doc. 10.

[8] Rec. Doc. 15 at 6.

[9] Rec. Doc. 26 at 2.

[10] Rec. Doc. 30 at 2–3.

[11] *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 498 (1969)).

[12] *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, (2016) (quoting *Already, LLC v. Nike, Inc.*, 569 U.S. 85, 90-91 (2013)).

[13] *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013)).

expectation . . .' that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."[14]

The parties do not dispute that the Appraisal process is still ongoing. Therefore, Defendants alleged noncompliance with the Appraisal process could reoccur. Defendants have not shown that the effects of the alleged violation have been completely and irrevocably eradicated.[15] Thus, Defendants have not shown that Plaintiff's claims are moot under Federal Rule of Civil Procedure 12(b)(1).[16] Accordingly,

**IT IS ORDERED** that the "Motion to Dismiss as Moot under Fed. R. Civ. P. 12(b)(1)."[17] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __5th__ day of December, 2022.

_Nannette Jolivette Brown_

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[14] *Los Angeles Cty.*, 440 U.S. at 631 (internal quotations omitted).

[15] *Id.*

[16] *See Allied Trust Insurance Co. v. Hensley*, 22-cv-2084 (E.D. La. Aug. 31, 2022) (claim dismissed as moot after the completion of the appraisal process); *Allied Trust Insurance Co. v. Smith*, 22-cv-2074 (E.D. La. Sept. 15, 2022) (same); *Allied Trust Insurance Co. v. Moses*, 22-cv-2161 (E.D. La. Sept. 19, 2022) (same).

[17] Rec. Doc. 12.